IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIC D. PAE                                                                    PETITIONER

v.                                                          CRIMINAL NO. 1:05-cr-27-LG-RHW
                                                            CIVIL NO. 1:16-cv-207-LG

UNITED STATES OF AMERICA                                                      RESPONDENT

## ORDER LIFTING STAY, DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255, AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL

BEFORE THE COURT is the [36] Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Eric D. Pae. Pae was sentenced to 292 months for possession with intent to distribute methamphetamine. In his § 2255 Motion, Pae challenges the constitutionality of the United States Sentencing Guideline § 4B1.2(a)(2). Having reviewed the applicable law, the Court finds that it is appropriate to lift the stay entered in this action and to deny the Motion because the Supreme Court has ruled that § 4B1.2(a)(2) is not unconstitutionally vague. Defendant's Motion for Voluntary Dismissal [41] will be denied as moot.

Section 2255 allows a prisoner to challenge a sentence on several grounds, including "that the sentence was imposed in violation of the Constitution or laws of the United States. . . ." 28 U.S.C. § 2255(a). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was

1

unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The *Johnson* court left open the question, however, of whether the identically worded residual clause contained in Sentencing Guideline § 4B1.2(a)(2) – challenged here by Defendant – was constitutional.

On March 6, 2017, the Court answered that question in *Beckles v. United States*, 137 S. Ct. 886 (2017). Specifically the Court found that "[u]nlike the ACCA, . . . the advisory guidelines do not fix the permissible range of sentences." *Id.* at 892. "To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. "Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id*.

Defendant's only ground for challenging his sentence is that § 4B1.2(a)(2) is unconstitutionally vague. Pursuant to *Beckles,* the Court finds that Defendant is not entitled to 2255 relief. *See, e.g., United States v. Garza*, No. 2:11-CR-117-1, 2017 WL 932933, at *2 (S.D. Tex. Mar. 8, 2017).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the stay in this action is lifted, and that Petitioner Eric D. Pae's [36] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner Eric D.

Pae's [41] Motion for Voluntary Dismissal is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE